UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| D'YANI C. KELLY, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | |
| v. | : | Civil Action No. 17-07480 |
| BEAUTY SYSTEMS GROUP, LLC, | : | **OPINION** |
| Defendant/Third-Party Plaintiff, | : | |
| v. | : | |
| JAY BIRNBAUM-CHERRY HILL, LLC, ILF-CHERRY HILL, LLC, ALS-CHERRY HILL, LLC, ET AL., | : | |
| Third-Party Defendants. | : | |

This case comes before the Court upon the Motion for Frivolous Litigation Sanctions filed by Third-Party Defendants, Jay Birnbaum-Cherry Hill, LLC, ILF-Cherry Hill, LLC, ALS-Cherry Hill, LLC, et. al. (collectively "Birnbaum"). [Dkt. No. 63.] The Court has reviewed the submissions of the parties and considered the motion on the papers in accordance with Fed. R. Civ. P. 78. For the reasons set forth below, Third-Party Defendants' Motion [Dkt. No. 63] will be granted.

## Background

The underlying dispute in this case concerned a negligence action involving a floor mat, a trip, and a subsequent fall. [Dkt. No. 61 at 1.] On August 13, 2015, D'yani Kelly ("Plaintiff"), her mother ("Ms. Greene"), and her daughter ("Ms. Warren") were shopping in Cosmo Prof store (Beauty Systems). [Id.] According to Plaintiff, while exiting Defendant's store, "her left foot caught the edge of the [mat] at the exit door,

1

causing her ankle to turn over." [Id. at 1-2.] Plaintiff continued to walk out to her car in the parking lot when her ankle gave out, and she fell to the ground. [Id. at 2.] She landed on her hands and right knee, injuring her knee, hands, and shoulder." [Id.] Plaintiff subsequently brought suit against Beauty Systems Group, LLC ("Beauty Systems Group"). [See generally Dkt. No. 1.] Thereafter, Beauty Systems Group filed a third-party complaint against Birnbaum alleging that because Birnbaum was the property owner of the parking lot and was in charge of maintaining said lot Birnbaum was liable. [See generally Dkt. No. 11.]

Several written statements and depositions were taken during this proceeding. Plaintiff's witnesses claimed Plaintiff's fall had no connection to any condition within the parking lot. [Greene Dep. 59; Warren Dep. 40:17-41:3.] Defendant's witnesses stated that they did not see the fall in the parking lot but merely saw the aftermath where Plaintiff was on the ground near a pothole and assumed the pothole had caused the fall. [See Dkt. No. 40-5, 40-6.] After these statements were taken, Birnbaum reached out to Third-Party Plaintiff, Beauty Systems Group, to dismiss Birnbaum because neither party's evidence showed any condition in the parking lot played a role in Plaintiff's fall. [Dkt. No. 63-2 (Ledger of Third-Party Defendants).] Beauty Systems Group did not dismiss Birnbaum. Upon motion for summary judgment, this Court dismissed both Plaintiff's and Third-Party Plaintiff's complaints. [Dkt. No. 62.]

The instant motion was filed in response to Beauty Systems Group's failure to dismiss Third-Party Defendants from the proceedings. [See generally Dkt. No. 63.] Birnbaum seeks attorney's fees incurred following the depositions in this case, arguing that, at such time, it was clear that Beauty Systems Group had no basis for liability against Third-Party Defendants, and the claims against Birnbaum became frivolous.

2

[Id.] Third-Party Defendants' request payment for thirty-five (35) hours of work at $150 per hour pursuant to Fed. R. Civ. P. 11, amounting to a total of $5,250. [Id.]

## Discussion and Analysis

Federal Rule of Civil Procedure 11 provides that attorneys may be sanctioned if they, among other things, fail to make a reasonable inquiry into the legal legitimacy of a pleading. Fed. R. Civ. P. 11(b)(2) & (c). Awarding attorney fees to prevailing defendants discourages plaintiffs from bringing baseless actions or making frivolous motions. See Gaiardo v. Ethyl Corp., 835 F.2d 479, 483 (3d Cir. 1987); see also Fed. R. Civ. P. 11 advisory committee notes ("The word 'sanctions' in the caption ... stresses a deterrent orientation in dealing with improper pleadings, motions or other papers."). Courts deploy sanctions only in "exceptional circumstance[s]," Gaiardo, 835 F.2d at 483, "where a claim or motion is patently unmeritorious or frivolous." Doering v. Union Cty. Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988); see, e.g., Lieb v. Topstone Industries, Inc., 788 F.2d 151, 157 (3d Cir. 1986) ("Rule 11 therefore is intended to discourage pleadings that are 'frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith.'" (quoting Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir. 1986))); Oliveri v. Thompson, 803 F.2d 1265, 1275 (2d Cir. 1986) ("[R]ule 11 is violated only when it is 'patently clear that a claim has absolutely no chance of success.'" (quoting Eastway Construction Corp. v. City of New York, 762 F.2d 243, 254 (2d Cir. 1985))).

A court must review whether the attorney's conduct was "objectively reasonable under the circumstances." Simmerman v. Corino, 27 F.3d 58, 62 (3d Cir. 1994). "An inquiry is considered reasonable under the circumstances if it provides the party with an objective knowledge or belief at the time of the filing of the challenged paper that the

3

claim was well-grounded in law and fact." Bensalem Twp. v. Int'l Surplus Lines Ins. Co., 38 F.3d 1303, 1314 (3d Cir. 1994) (internal quotations omitted). Courts have denied sanctions where the law and facts are ambiguous and could be reasonably interpreted in more than one way. See In re Cendant Corp. Derivative Action Litig., 96 F. Supp. 2d 403, 405 (D.N.J. 2000) (citing generally Ford Motor Co. v. Summit Motor Prod., Inc., 930 F.2d 277, 289-90 (3d Cir. 1991)). This is true even if the law and facts are not adopted by the court. Id. Sanctions are to be applied only "in the 'exceptional circumstance' where a claim or motion is patently unmeritorious or frivolous." Doering, 857 F.2d at 194 (citation omitted).  Rule 11's "primary purpose is not 'wholesale fee shifting but [rather] correction of litigation abuse.'" Id. (alteration in original) (citation omitted). It "must not be used as an automatic penalty against an attorney or party advocating the losing side of a dispute," and it "should not be applied to adventuresome, though responsible, lawyering which advocates creative legal theories." Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 94 (3d Cir. 1988) (citation omitted).

    A court's choice is appropriate when it is the minimum action that will sufficiently deter undesirable behavior. Doering, 857 F.2d at 194; see also Sanctions 104 F.R.D. at 201 ("The basic principle governing the choice of sanctions is that the least severe sanctions adequate to serve the purpose should be imposed.") (emphases added); Fed. R. Civ. P. 11 advisory committee notes ("The court … retains the necessary flexibility to deal appropriately with violations of the rule. It has the discretion to tailor sanctions to the particular facts of the case. . . ."). The way Rule 11 is drafted highlights the role of judicial discretion. Doering, 857 F.2d at 194. "[W]hen the district court

4

determines that a filing is in violation of the rule, the court 'shall' impose sanctions that 'may'—not 'shall'—'include an order to pay' the other party's expenses." Id.

Here, Plaintiff's mother and daughter witnessed her fall. Both testified that the Plaintiff did not fall as a result of the pothole in the parking lot. [Greene Dep. 59; Warren Dep. 40:17-41:3.] Plaintiff's daughter stated, "she walked around the pothole," and explained that she did not know if Plaintiff tripped per se, but that "she couldn't walk anymore, and her ankle gave out." [Warren Dep. 40:17-41:3.] Additionally, the two employees of Beauty Systems did not personally witness the fall. Ms. Roscoe, an employee of Beauty Systems, filed an incident report. In her report she stated: "Next time I saw [the Plaintiff], she was on the ground near the huge hole in the parking lot where her car was parked. Mother came in [and] wanted accident report." [Dkt. No. 40-5 Ex. C attached to Def. Op. (Cosmo Prof Accident Report).] In her second written statement, Ms. Roscoe stated that she was "working on [the] nail racks" when she saw Plaintiff "on the ground outside near a deep pothole. My first thought seeing this was she fell because of the hole." [Dkt. No. 40-6 Ex. D attached to Def. Op. (Roscoe Written Statement).] Later, at her deposition, Ms. Roscoe explained that she did not actually "see [Plaintiff] fall in the pothole," let alone the fall itself. Ms. Roscoe merely "saw [Plaintiff] sitting behind what [she] assumed was her car." [Roscoe Dep. 58; 61:1-10.] In preparation for her statements, Ms. Roscoe had not seen photos, video, or encountered other evidence that showed Plaintiff's "foot [went] into the pothole or that [Plaintiff] was caused to trip by contacting the pothole." [Id. at 61:11-17.] Once the above evidence came to light, there was not a cognizable theory to incriminate a condition on Third-

5

Party Defendants' property to cause liability. Yet, Beauty Systems continued forth with its claims against Third-Party Defendants.

Beauty Systems alleged that despite the witness testimony, there was a genuine dispute as to whether the pothole caused Plaintiff's fall because an employee, Ms. Roscoe, stated that Plaintiff was on the ground "near" the pothole. [See Dkt. No. 40-5, 40-6.] Ms. Roscoe filed that fact in her report, but she did not actually see Plaintiff fall. [Roscoe Dep. at 61:11-17.] To reiterate, she had not seen photos, video, or encountered other evidence that showed Plaintiff's "foot go into the pothole or that [Plaintiff] was caused to trip by contacting the pothole." [Id.] Ms. Roscoe could not, and admittedly, did not know whether the pothole played any role in Plaintiff's fall. Therefore, not only was Ms. Roscoe's assumption that Plaintiff had fallen due to the pothole insufficient to implicate the pothole as the cause of Plaintiff's fall, but Plaintiff herself did not incriminate the pothole.

At her deposition, Plaintiff explicitly acknowledged the pothole's existence, stating: "I walked through the parking lot. There was a big long, oblong pothole. My mom and my daughter went across the pothole. I was on the opposite side of it. When I got beyond the pothole is where my ankle gave out, and I hit the ground." [Pl. Dep. 47: 9-48:2.] At oral argument, Plaintiff's counsel further clarified that Plaintiff never alleged that the parking lot was the cause of her fall or that a pothole was the cause of the fall, nor did she allege any defect in the parking lot caused her fall. The overwhelming evidence in the record indicates that once the statements and depositions were taken, it became clear a claim against Third-Party Defendants was patently unmeritorious and should not have continued.

## **Conclusion**

For the reasons stated above, Third-Party Defendants' Motion [Dkt. No. 63] will be granted. Third-Party Plaintiff shall reimburse counsel fees in the amount of $5,250 within thirty (30) days of the Order made payable to the appropriate entity.

An appropriate Order shall issue.

                                                                                              /s/Joseph H. Rodriguez

Date: July 16, 2020                                                         JOSEPH H. RODRIGUEZ

                                                                              United States District Judge